'O'

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENKELS AND MCCOY, INC. et al.,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED SPECIALTY INSURANCE COMPANY,<br><br>    Defendant. | CV 21-7210-RSWL-RAOx<br><br>**ORDER re:<br>Defendant's Motion to Vacate Order on Motion for Partial Summary Judgment** [38] |

Plaintiff Henkels and McCoy, Inc. ("Plaintiff") initiated this Action against Defendant United Specialty Insurance Company ("Defendant") for breach of contract, declaratory relief, and breach of the duty of good faith and fair dealing. Compl., ECF No. 1. Currently before the Court is Defendant's Motion to Vacate Order on Motion for Partial Summary Judgment [38] (the "Motion"). In the Motion, Plaintiff indicates that the parties have settled, the current Motion is unopposed, and the

1

Court's prior Order regarding the earlier Motion for Partial Summary Judgment ("MPSJ") should be vacated.

Having reviewed all papers submitted pertaining to the Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **DENIES** Defendant's Motion.

## I. BACKGROUND

**A. <u>Factual Background</u>**

The Complaint alleges:

Plaintiff is incorporated in Pennsylvania, has its principal place of business in Pennsylvania, and does business in the State of California, County of Los Angeles. Compl. ¶ 1, ECF No. 1. Defendant is incorporated in Delaware, has its principal place of business in Bedford, Texas, and does business in the State of California, County of Los Angeles. <u>Id.</u> ¶ 3.

Plaintiff was hired to replace a utility pole in San Gabriel, California. <u>Id.</u> ¶ 16. Plaintiff hired a traffic and control services company to assist in the replacement of the pole. <u>Id.</u> ¶ 17. Plaintiff's contract with the traffic and control services company required the company to buy insurance that covered Plaintiff from liability while replacing the pole. <u>Id.</u> ¶¶ 25-26. The traffic and control services company bought insurance from Defendant which covered Plaintiff during the pole replacement work. <u>Id.</u> ¶¶ 27-28.

An accident occurred at the intersection where Plaintiff was replacing the pole. <u>Id.</u> ¶ 20. Plaintiff was sued and settled with the parties injured at the

1 | intersection.  Id. ¶ 46.  Defendant refused to defend or
2 | indemnify Plaintiff at any point during the prior
3 | lawsuit.  Id. ¶ 49.  As a result of Defendant's breach
4 | of contract to defend and indemnify Plaintiff, Plaintiff
5 | suffered actual damages.  Id. ¶ 50.

**B.  Procedural Background**

On September 8, 2021, Plaintiff filed its Complaint [1].  On September 2, 2022, Plaintiff filed a MPSJ [21].  On November 14, 2022, the Court granted Plaintiff's MPSJ [27].

On December 12, 2022, Plaintiff filed a notice of a conditional settlement [33].  On February 13, 2023, Defendant filed the instant Motion [38].

## II.  DISCUSSION

**A.  Legal Standard**

Pursuant to Federal Rule Civil Procedure ("Rule") 60(b), a district court may "relieve a party or a party's legal representative from a final judgment, order, or proceeding" for several reasons.  In determining whether to vacate a judgment, district courts must consider "the consequences and attendant hardships of dismissal or refusal to dismiss" and "the competing values of finality of judgment and right to relitigation of unreviewed disputes."  American Games, Inc. v. Trade Products, Inc., 142 F.3d 1164, 1168 (9th Cir. 1998) (quoting Dilley v. Gunn, 64 F.3d 1365, 1370-71 (9th Cir. 1995)).

Courts are not mandated to vacate a prior order at

1 the behest of the parties to facilitate settlement. See
2 Bates v. Union Oil Co., 944 F.2d 647, 650 (9th Cir.
3 1991). The Ninth Circuit has recognized that if courts
4 were required to vacate prior rulings after settlement
5 "any litigant dissatisfied with a trial court's findings
6 would be able to have them wiped from the books."
7 Ringsby Truck Lines, Inc. v. Western Conference of
8 Teamsters, 686 F.2d 720, 721 (9th Cir. 1982).
9 **B.    Discussion**
10       Defendant argues that given the Court's prior MPSJ
11 Order was "based on the specific factual circumstances
12 of this case" and that the Court did not adopt any
13 "unique or novel legal issues," that the Court should
14 vacate the Order. Mot. at 6:1-6.
15       Even when parties stipulate to an order regarding a
16 motion for summary judgment to be vacated, courts
17 typically do not vacate their particular orders. See,
18 e.g., POLAR-Mohr Maschinenvertriebsgesellschaft GmbH &
19 Co. KG v. Zurich Am. Ins. Co., No. 17-cv-01804-WHO, 2018
20 U.S. Dist. LEXIS 231990, at *1 (N.D. Cal. May 11, 2018);
21 Reynolds v. Allstate Ins. Co., No. C 10-4893 SI, 2012
22 U.S. Dist. LEXIS 144695, at *4-5 (N.D. Cal. Oct. 4,
23 2012). "Judicial precedents are presumptively correct
24 and valuable to the legal community as a whole. They
25 are not merely the property of private litigants and
26 should stand unless a court concludes that the public
27 interest would be served by a vacatur." Izumi Seimitsu
28 Kogyo Kabushiki Kaisha v. U.S. Philips Corp., 510 U.S.

4

27, 40 (1993).

Here, as it relates to the public interest, Defendant offered no reasons for why the Court should vacate its prior MPSJ Order. See Zinus, Inc. v. Simmons Bedding Co., No. C 07-3012 PVT, 2008 U.S. Dist. LEXIS 33359, at *6 (N.D. Cal. Apr. 23, 2008) ("The public paid for this use of court resources through its tax dollars. Vacatur would render that expenditure a waste, and the parties cite no public interest that would be served by vacatur [of the court's order] which would justify the waste of public funds.").

For the foregoing reasons, the instant Motion to vacate the Court's prior MPSJ Order is **DENIED**.

### III. CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant's Motion to Vacate Order on Motion for Partial Summary Judgment.

**IT IS SO ORDERED.**

DATED: March 14, 2023         /s/Ronald S.W. Lew
                              **HONORABLE RONALD S.W. LEW**
                              Senior U.S. District Judge

5